RECEIVED

NOV 0 1 2017

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINCOLN BENEFIT LIFE COMPANY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., as the<br>Securities Intermediary; and THE<br>KLUGMAN TRUST, DATED MAY 2, 2007,<br><br>　　　　Defendants. | Civ. No. 17-02905<br><br>**OPINION** |

THOMPSON, U.S.D.J.

This matter comes before the Court upon the Motions by Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and The Klugman Trust ("Klugman Trust") (collectively, "Defendants") to dismiss the Complaint for Lack of Personal Jurisdiction and, Alternatively, to Transfer Venue. (ECF Nos. 11, 12). Plaintiff Lincoln Benefit Life Company ("Plaintiff") opposes. (ECF No. 19). The Court has issued the opinion below based upon the written submissions of the parties and oral argument. For the reasons stated herein, Defendants' motions are denied.

### **BACKGROUND**

Plaintiff brings this declaratory judgment action to find void *ab initio* a life insurance policy taken out by Ruth Klugman ("Decedent") for lack of an insurable interest. (Compl. ¶¶ 1–2, ECF No. 1.) The policy was applied for and signed in May 2007 by Decedent, naming the Klugman Trust as the owner, beneficiary, and payor. (*Id.* ¶ 17.) Nathan Kahan, Decedent's son-in-law, is Trustee of the Klugman Trust, an irrevocable life insurance trust located in Monsey, NY. (*Id.* ¶¶ 6, 17.) In August 2010, the policy was transferred to Wells Fargo pursuant to Wells

Fargo's request for a change in ownership and beneficiary. (*Id.* ¶ 25.) Wells Fargo is the current owner and primary beneficiary, holding 90% of the net benefit, and the Klugman Trust is a partial beneficiary, holding 10% of the net benefit. (*Id.*) Decedent passed away on January 20, 2017. (*Id.* ¶ 26.) Plaintiff claims that this policy, taken out for $5,000,000 when Decedent was 75 years old, is part of a Stranger Originated Life Insurance ("STOLI") scheme,[1] a fraudulent scheme undertaken by the insurance agent and Trustee Nathan Kahan. (*Id.* ¶ 28; Pl.'s Opp'n to Defs.' Mots. Dismiss at 16, ECF No. 19.) Plaintiff seeks declaratory relief as to whether the policy is in fact void *ab initio*, as well as a declaration regarding the refund of premiums. (Compl. ¶¶ 30–31.)

On June 6, 2017 Defendant Wells Fargo filed its Motion to Dismiss for Lack of Jurisdiction, and Alternatively, to Transfer Venue (ECF No. 11), and on June 7, 2017 Defendant Klugman Trust filed its Motion to Dismiss for Lack of Jurisdiction or in the Alternative to Transfer Venue to the EDNY (ECF No. 12). Pursuant to an alternative briefing schedule (ECF No. 18), Plaintiff filed opposition on August 21, 2017 (ECF No. 19), and the Defendants replied on September 11, 2017 (ECF Nos. 20, 21). Per Defendants' requests, the Court held oral argument on October 25, 2017. (ECF No. 23.) On October 27, 2017, the Court issued a Letter Order advising that both Defendants' Motions to Dismiss were denied and ordering the parties to proceed with pretrial preparations in the normal course of litigation before Magistrate Judge Arpert. (ECF No. 25.) The following discussion elucidates the Court's rationale for denying these motions.

---

[1] A STOLI scheme involves a life insurance policy sold to third parties through secondary wager markets; these third parties have no relationship to or interest in the life of the insured. (Compl. ¶ 9.)

## LEGAL STANDARD

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, "the plaintiff bears the burden of establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987); *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007). The plaintiff can meet its burden by either presenting its case for personal jurisdiction in an evidentiary hearing or by pointing out facts and allegations in the complaint that, if taken as true, would establish that the court has jurisdiction over the defendant. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). "Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable." *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 633 (D.N.J. 2004) (citing *Mellon Bank (East) PSFS v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992)).

A federal court typically must conduct a two-step analysis to ascertain whether personal jurisdiction exists: first, whether the forum state's long arm statute permits jurisdiction and second, whether assertion of personal jurisdiction violates due process. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998); *Vetrotex Certaineed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 150 (3d Cir. 1996). New Jersey's long arm statute permits the exercise of personal jurisdiction "to the uttermost limits permitted by the United States Constitution," and thus, the typical two-part inquiry may be collapsed into a single step addressing due process requirements. *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 (3d Cir. 2002).

The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state defendant "so long as there exist 'minimum contacts' between the defendant and the forum

State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). In other words, "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235 (1958)). There are two types of personal jurisdiction: general and specific. General jurisdiction exists where the defendant has "continuous and systematic" contacts with the forum, whether or not those contacts are related to the plaintiff's cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000). Specific jurisdiction exists when the defendant has purposely directed its activities at the forum such that it "should reasonably anticipate being haled into court in that forum," the litigation arises out of at least one of those activities, and the exercise of jurisdiction would "comport with 'fair play and substantial justice.'" *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (quoting *World-Wide Volkswagen Corp.*, 444 U.S. at 297); *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (quoting *Burger King*, 471 U.S. at 463). A defendant may be dismissed from a lawsuit if the court cannot assert personal jurisdiction over the defendant pursuant to these standards. *See* Fed. R. Civ. P. 12(b)(2).

## ANALYSIS

### I.     Personal Jurisdiction Over Defendants

Both parties agree that there is no general personal jurisdiction over either Defendant in this case—only specific jurisdiction is at issue. The Court's discussion will only address whether there are sufficient minimum contacts related to this cause of action such that Defendants may be subject to specific personal jurisdiction in New Jersey.

## A. Minimum Contacts as to Defendant Klugman Trust

The Klugman Trust argues that it has no contacts with the state of New Jersey because the Trust and its Trustee Mr. Kahan were located in New York at all times. (Def. Klugman Trust Mot. Dismiss at 15, ECF 12-1.) It also contends that the policy was delivered to the Trust at a Monsey, New York address. (Def. Klugman Trust Reply to Pl.'s Opp'n at 9–10, ECF No. 21.)

The Court agrees with Plaintiff that the facts of the Trust and Mr. Kahan's situs in New York "do not negate the Trust's contacts with New Jersey for the purposes of executing the application materials" and thus this Court's jurisdiction. (Pl.'s Opp'n to Defs.' Mot. Dismiss at 14.) At the center of this dispute is the Decedent's life insurance policy; Plaintiff seeks declaratory judgment as to the validity of this policy and whether the policy itself had an insurable interest *ab initio*. The Court finds that the state in which the policy was signed, and thus where this cause of action initially arose, is dispositive. *See Remick*, 238 F.3d at 255; *Waste Mgmt., Inc. v. Admiral Ins. Co.*, 649 A.2d 379, 387 (N.J. 1994). Documents connected to New York preceding or following the policy, such as the medical exam or cover page, are not relevant for the purposes of personal jurisdiction. (*See* Def. Klugman Trust Mot. Dismiss at 5.)

Plaintiff represented at oral argument, consistent with its Complaint and exhibits, that the policy application was signed in Lakewood, NJ, per the signature block. (Compl. ¶ 18; Ex. A at 7, ECF No. 1-1.) This signature block includes three signatures—the Decedent, insurance agent, and Mr. Kahan on behalf of the Klugman Trust—and a single corresponding location designation. (*Id.*) The amendment to the policy executed in July 2007, also signed in Lakewood, NJ, bore Mr. Kahan's name for the Klugman Trust and served as an attestation that all of the information contained in the original application was true. (Ex. C at 2, ECF 1-4.) These facts demonstrate that "Defendant travelled to the state on more than one occasion

5

to . . . execute application documents and acknowledge receipt and acceptance of the Policy." *Am. Gen. Life Ins. Co. v. Oberlander*, 2011 WL 5040670, at *4 (D.N.J. Oct. 24, 2011) (finding personal jurisdiction over defendant in declaratory judgment action to find policy void *ab initio* when insured signed the application in NJ and documents indicated it was a NJ policy). Therefore, through Mr. Kahan as Trustee, the Klugman Trust made purposeful contact with New Jersey for the purposes of this policy.

The policy is also subject to New Jersey law and insured a New Jersey resident. The policy contained a "Conformity With State Law" provision:

> This certificate is subject to the laws of the state where the application was signed. If any part of the certificate does not comply with the law, it will be treated as if it did.

(Def. Klugman Trust Mot. Dismiss, Paneth Decl., Ex. 2 at 22, ECF No. 12-5; *see also* Pl.'s Opp'n to Defs.' Mots. Dismiss at 24–25; Def. Klugman Trust Reply to Pl.'s Opp'n at 5.) The provision makes clear that the application governs; the medical exam or cover page that Defendants contend to be connected to New York are again irrelevant. As discussed above, the application was signed in Lakewood, NJ, plainly making the policy subject to New Jersey law. The Klugman Trust thus became the owner and beneficiary of a New Jersey insurance policy, regulated by the New Jersey Department of Banking and Insurance. Since courts have found minimum contacts over a defendant guarantor of a contract with a financial interest in the person or thing guaranteed in the forum state, *Norben Import Corp. v. Metro. Plant & Flower Corp.*, 2005 WL 1677479, at *7 (D.N.J. July 15, 2005) (citing *Koff v. Brighton Pharm., Inc.*, 709 F. Supp. 520, 526 (D.N.J. 1988)), analogously, the Klugman Trust's previous ownership and beneficial interest in the New Jersey life insurance policy of a New Jersey resident creates minimum contacts with New Jersey. Although the Klugman Trust only holds a 10% ownership

at this time (Compl. ¶ 25), it still retains a financial interest in a policy operating under this State's laws.

On balance, these contacts indicate that "Defendant sought and gained the benefits and protections of the State's laws." *Oberlander*, 2011 WL 5040670, at \*4 (again, finding personal jurisdiction when documents indicated it was a NJ policy). The Court finds that Plaintiff has met its burden to demonstrate minimum contacts and that the Klugman Trust purposefully availed itself of New Jersey. Both Defendants claimed at oral argument that this location designation does not apply to the entire signature block, or in the alternative, they rely on prior cases involving Plaintiff to establish Plaintiff's business practices dealing with New York and New Jersey to argue that the Klugman Trust did not actually sign the application in New Jersey. (*See* Def. Klugman Trust Reply to Pl.'s Opp'n at 5 ("[N]ot one single act performed by Mr. Kahan in connection with the Policy was performed in New Jersey.").) Despite these claims, the Klugman Trust has not adequately shown that any of Plaintiff's assertions are unreasonable, let alone untruthful. *See Ameripay, LLC*, 334 F. Supp. 2d at 633 (citing *Mellon Bank (East) PSFS*, 960 F.2d at 1226). To the contrary, by signing the July 2007 amendment, the Klugman Trust attested to the truth of all information contained in the original policy application, including the location designation. And when raised at oral argument, Defendant conceded on the record as to the implications of this amendment.

B. Minimum Contacts as to Defendant Wells Fargo

Wells Fargo argues that it cannot be subject to jurisdiction in New Jersey because it had no contact with any entity or person within the state of New Jersey in any manner. In response, Plaintiff argues that Wells Fargo is bound to jurisdiction through a successor jurisdiction theory

7

based on the Klugman Trust's minimum contacts, as well as based on its own contacts with the State. (Pl.'s Opp'n to Defs.' Mots. Dismiss at 18.)

Successor jurisdiction is a theory of jurisdiction that imputes jurisdictional contacts of a predecessor entity or individual to its successor. *Am. Estates Wineries, Inc. v. Kreglinger Wine Estates Pty., Ltd.*, 2008 WL 819993, at *5 (D.N.J. Mar. 25, 2008) (internal citations omitted). It arises in three possible situations: "(1) merger or de facto merger; (2) express or implied assumption of liabilities, including by a ratification of the predecessor's activities; or (3) acquisition of assets or reorganization undertaken to fraudulently avoid jurisdiction." *In re Nazi Era Cases Against German Defendants Litig.*, 153 F. App'x 819, 823 (3d Cir. 2005); *Am. Estates Wineries, Inc.*, 2008 WL 819993, at *5 (finding jurisdiction pursuant to de facto merger where defendant acquired an 85% interest in the predecessor and assumed all liabilities to plaintiff).

This theory is appropriately applied to the parties in this matter. Wells Fargo purchased the policy on a secondary market and took title in 2010 pursuant to a Purchaser Agreement, and then it completed the change of ownership and beneficiary process with Plaintiff. (Def. Wells Fargo Mot. Dismiss at 8–9, ECF No. 11-1.) Wells Fargo describes its current role as merely a "securities intermediary." (*Id.*) The purchase, however, made Wells Fargo into the Klugman Trust's successor owner with a 90% beneficial interest, and it assumed the benefits and liabilities (or obligations) associated with ownership of the policy. As Plaintiff articulated at oral argument, Wells Fargo undoubtedly had the obligation to pay premiums (and did so according to its declaration and payment records (*see* Def. Wells Fargo's Mot. Dismiss, Young Decl., Ex. 1, ECF No. 11-3)), was bound by the terms of the policy, and intended to benefit from the policy by receiving the payout upon the insured's death. Therefore, because the Klugman Trust is subject to personal jurisdiction in New Jersey due to its purposeful activity, so too is Wells Fargo.

Aside from successor jurisdiction, Wells Fargo's relation to the New Jersey policy gives rise to personal jurisdiction. Like the Klugman Trust, pursuant to the conformity provision of the policy, Wells Fargo owns and holds a significant interest in a policy that on its face is governed by New Jersey law. (Pl.'s Opp'n to Defs.' Mots. Dismiss at 23–24.) And like the Klugman Trust's previous ownership and continuing interest in the policy, Wells Fargo's current ownership and 90% beneficial interest in the New Jersey life insurance policy of a New Jersey resident creates minimum contacts with New Jersey. *See Norben Import Corp.*, 2005 WL 1677479, at *7.

C. Fair Play and Substantial Justice

Personal jurisdiction in this case comports with fair play and substantial justice. These jurisdictional requirements demand that it "be reasonable to require the defendant to defend the suit in the forum state." *Am. Estates Wines, Inc.*, 2008 WL 819993, at *3 (citing *World-Wide Volkswagen*, 444 U.S. at 292). Here, Defendants have not presented "a compelling case" with any "other considerations that would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477. The Klugman Trust is located in New York and both Defendants preferred to pursue this litigation in New York. In light of the close proximity between New York and New Jersey, to maintain personal jurisdiction in this forum is not prejudicial, unreasonable, or inconvenient. *Oberlander*, 2011 WL 5040670, at *4.

II.    **Defendants' Alternative Motion to Transfer Venue**

Having found personal jurisdiction over both Defendants in New Jersey due to their contacts with the state and with the New Jersey insurance policy at the center of this dispute, the Court finds this matter is best suited for litigation in New Jersey. The Court need not further address Defendants' alternative argument to transfer venue to the EDNY.

## **CONCLUSION**

For the reasons above, Defendants' Motions to Dismiss are denied in accordance with this Opinion and the Court's previous Letter Order. A corresponding Order will follow.

Date: 11/1/17

_Anne E. Thompson_

ANNE E. THOMPSON, U.S.D.J.