RECEIVED
DEC 20 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINCOLN BENEFIT LIFE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., as the Securities Intermediary; and THE KLUGMAN TRUST, DATED MAY 2, 2007,<br><br>Defendants. | Civ. No. 17-02905<br><br>**OPINION** |

THOMPSON, U.S.D.J.

This matter comes before the Court upon the Motion by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") for Reconsideration, or Alternatively to Certify for Immediate Appeal. (ECF No. 29.) Plaintiff Lincoln Benefit Life Company ("Plaintiff") opposes. (ECF No. 33.) The Court issues the opinion below based upon the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant Wells Fargo's Motion is denied.

## BACKGROUND

This case arises out of a declaratory judgment action to find void *ab initio* a life insurance policy on the life of Ruth Klugman ("Decedent"). (Compl. ¶¶ 1–2, ECF No. 1.) Specifically, Plaintiff seeks relief on the grounds that this policy is part of a fraudulent Stranger Originated Life Insurance ("STOLI") scheme. (*Id.* ¶ 28.) In May 2007, the policy was applied for and signed in Lakewood, NJ by Decedent, naming the Klugman Trust, an irrevocable life insurance trust in New York, as the owner, beneficiary, and payor; Nathan Kahan, Decedent's son-in-law

1

served as trustee of the Klugman Trust. (*Id.* ¶¶ 6, 17.) In August 2010, the policy was transferred to Wells Fargo, the current owner and primary beneficiary with 90% of the net benefit of the policy, and the Klugman Trust became a partial beneficiary holding 10% of the net benefit. (*Id.* ¶ 25.) Decedent passed away on January 20, 2017. (*Id.* ¶ 26.)

Defendants Wells Fargo and the Klugman Trust both filed motions to dismiss for lack of personal jurisdiction or alternatively to transfer venue to E.D.N.Y. (ECF Nos. 11, 12.) After oral argument on October 25, 2017 (ECF No. 23), the Court denied both Defendants' motions (ECF Nos. 25–27). Defendant Wells Fargo then filed the present Motion for Reconsideration of the Court's Order and Opinion finding personal jurisdiction, or alternatively Motion to Certify for Appeal on November 10, 2017, and Plaintiff opposed on November 20, 2017. (ECF Nos. 29, 33.) Defendants filed a reply motion limited to the motion for the certificate of appealabiltiy as required by the local rules, as well as a supplemental letter addressing Plaintiff's arguments in opposition to reconsideration.[1] (ECF Nos. 34, 35.)

## LEGAL STANDARD

I. **Motion for Reconsideration**

Reconsideration is an extraordinary remedy that is to be granted "very sparingly." L. Civ. R. 7.1(i) cmt. 6(d); *Friedman v. Bank of Am., N.A.*, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012). Pursuant to Federal Rule of Civil Procedure 59(e) and the Local Rules, a motion for reconsideration may be based on one of three grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

---

[1] The Court gave due consideration to this supplemental letter in deciding Defendant Wells Fargo's Motion.

2

A party may seek reconsideration if it believes the judge overlooked a matter or controlling decision, L. Civ. R. 7.1(i), but it is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made, *see Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rather, a motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. *White v. City of Trenton*, 848 F. Supp. 2d 497, 500 (D.N.J. 2012). Mere disagreement with a court's decision should be raised through the appellate process and is inappropriate on a motion for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

## II.  Motion to Certify for Appeal

"Generally speaking, an order finding personal jurisdiction is interlocutory and non-appealable." *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 149 (3d Cir. 2001). Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal only if the moving party establishes that the order "[1] involves a controlling question of law [2] as to which there is substantial ground for a difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974).

Even where all three section 1292(b) requirements are met, the decision to grant certification remains wholly within the district court's discretion. *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976) (citing *Katz*, 496 F.2d at 754). Such certification should be used sparingly because only "exceptional circumstances justify a departure from the basic policy of

postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (internal quotations omitted). Certification is not designed merely "to provide early review of difficult rulings in hard cases." *Jackson Hewitt, Inc. v. DJSG Utah Tax Serv., LLC*, 2011 WL 601858, at *2 (D.N.J. Feb. 17, 2011) (internal quotations omitted).

## ANALYSIS

I. **Reconsideration of Personal Jurisdiction**

Wells Fargo does not present any intervening change in law or evidence not previously available to justify reconsideration. Rather, Wells Fargo argues a clear error of law, in part repeating arguments from its original motions and in part advancing new arguments based on the Court's findings. Wells Fargo contends that there is no personal jurisdiction first, because the theory of successor jurisdiction is not applicable to this matter, and second, because the policy is not governed by New Jersey law pursuant to the choice of law provision. (*See generally* Def.'s Mot. Recons. at 7–14, ECF No. 29-1.) The Court will address each argument in turn, first considering choice of law.

A. Choice of Law or Conformity with State Law Provision

The Court finds beyond dispute that the policy at the center of this law suit is subject to New Jersey law. As articulated in the prior opinion, "[t]he policy contained a 'Conformity With State Law' provision: 'This certificate is subject to the laws of the state where the application was signed. If any part of the certificate does not comply with the law, it will be treated as if it did.'" (Op. at 6, ECF No. 26 (citing Def. Klugman Trust Mot. Dismiss, Paneth Decl., Ex. 2 at 22, ECF No. 12-5; Pl.'s Opp'n to Defs.' Mots. Dismiss at 24–25, ECF No. 13; Def. Klugman Trust Reply to Pl.'s Opp'n at 5, ECF No. 20).) The facts and documents presented by Plaintiff

make clear that the application for Decedent's life insurance policy was signed in Lakewood, NJ. By operation of the policy's terms, it is thus subject to New Jersey law and regulated by the New Jersey Department of Banking and Insurance.

Wells Fargo contends that this provision does not have the effect which the Court claims it to have. Wells Fargo argues and the Court agrees that choice of law provisions, without more, are not dispositive indications of personal jurisdiction. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 65 (3d Cir. 1984) (noting that although a choice of law provision is "a factor in showing whether the defendants could foresee that their acts would have effects in [the forum state], [it] would not itself be enough to vest jurisdiction"); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 483 (1985) (finding that although a choice-of-law provision cannot alone confer jurisdiction, it is relevant to the entire analysis). Wells Fargo also relies on *Burger King* to argue that a contract connected to the forum state is insufficient to establish minimum contacts. *See Budget Blinds, Inc. v. White*, 2008 WL 4330029, at *3 (D.N.J. Sept. 17, 2008) ("[T]he mere existence of a contract is insufficient to establish minimum contacts.") (internal citations omitted). (Def.'s Reply to Pl.'s Opp'n at 4, ECF No. 34; Defs.' Mot. Recons. at 10, 13.)

Beyond the policy provision, there are other considerations that support finding personal jurisdiction over Wells Fargo in New Jersey. Taking a holistic approach as the *Burger King* Court did, *see* 471 U.S. at 483, the Court emphasizes the unique nature of a life insurance policy that takes a direct interest in and guarantees the life of an individual, *see Reassure Am. Life Ins. Co. v. Mw. Res., Ltd.*, 751 F. Supp. 2d 346, 355 (E.D. Pa. 2010) (finding personal jurisdiction over defendant in a life insurance policy dispute but citing numerous contract cases where courts declined to find personal jurisdiction based on a contract alone where "the underlying contracts

had little or no connection with activities inside the forum state"). *But see Am. Guarantee & Liability Ins. Co. v. Arch Ins. Co.*, 2017 WL 4842413, at *8 (W.D. Pa. Oct. 26, 2017) (declining to follow *Reassure* and finding no personal jurisdiction where the contract involved a Pennsylvania company performing work for a non-Pennsylvania company in West Virginia).

Regardless of the disputed scope of this provision—discussed in more detail below—as the Court already noted, the provision conferred onto Wells Fargo a financial interest in a New Jersey life insurance policy guaranteeing the life of a New Jersey resident.[2] (Op. at 6 (citing *Norben Import. Corp. v. Metro Plant & Flower Corp.*, 2005 WL 1677479, at *7 (D.N.J. July 15, 2005)).) New Jersey courts have found that such connections to an insurance policy establish minimum contacts for personal jurisdiction. *See Reassure Am. Life Ins. Co.*, 751 F. Supp. 2d at 355 ("Presented with a highly similar situation to the one at hand, the Superior Court of New Jersey recently held that the purchaser of a beneficial interest in a New Jersey resident's life insurance policy was subject to personal jurisdiction in New Jersey because the insured's residence was in New Jersey and because the purchaser 'maintained contact with [the insured's] New Jersey physicians' and assumed a continuing obligation to pay the insured's insurance premiums." (citing *Smith v. Life Partners, Inc.*, 2007 WL 2847400, at *13–15 (N.J. Super. Ct.

---

[2] Wells Fargo also contends that the Court was factually incorrect in concluding that this policy insures a New Jersey resident. (Def.'s Mot. Recons. at 7.) Citing the oral argument transcript, Wells Fargo argues it is unclear when Decedent became a New Jersey resident. (*Id.*) The transcript evidences that while the facts may be "murky," the Decedent moved to New Jersey around or after 2007 and died as a New Jersey resident. (Def.'s Reply to Pl.'s Opp'n, Ex. A, Tr. at 29:16–19, ECF No. 34-2.) Public records show a New Jersey address "a couple years after" 2007, and Plaintiff claims that Decedent held herself out as a resident of Lakewood, NJ as early as March 2007 pursuant to another insurance policy application with Sun Life—prior to the issuance of the policy at issue here. (Tr. at 30:6–11.) The Court finds this information satisfactory to establish that the policy, while in Wells Fargo's possession (*see* Compl. ¶ 25 (noting Wells Fargo owned the policy as of August 2010)), insured the life of a New Jersey resident, and the death benefit would be paid out on the life of an individual who died as a New Jersey resident. This information is germane to the minimum contacts assessment.

Oct. 3, 2007))). Unlike the case discussed in *Reassure*, Wells Fargo did not maintain communications with Decedent's doctors, *id.*; nevertheless, it is the owner and beneficiary of 90% of the death benefit on this New Jersey policy, and it assumed the obligation to pay premiums on the policy. Wells Fargo is not simply a party to a contract as in any other contract dispute. (*Cf.* Tr. at 7:15–17 (describing a life insurance policy as simply a contract obligating the insurance company to pay).) The theory of successor jurisdiction also provides support for exercising personal jurisdiction over Wells Fargo. *Infra* Section I.B. On balance, Wells Fargo's ownership of and interest in Decedent's life insurance policy is adequate to support personal jurisdiction in New Jersey.

Tangential to the conformity provision, Wells Fargo argues that the Court overstepped the scope of the motions to dismiss and made a choice of law decision as to the law that is to apply to the present case when it stated, "Wells Fargo owns and holds a significant interest in a policy that on its face is governed by New Jersey law." (Def.'s Mot. Recons. at 14–15 (quoting Op. at 9).) Whether this provision is a choice of law provision or whether it has a narrower effect is subject to valid dispute. *Compare Cooper Distribut. Co., Inc. v. Amana Refrigeration, Inc.*, 63 F.3d 262, 279 (3d Cir. 1995) (applying Iowa law after noting that "[t]he Agreement provides that any disputes under the Agreement are 'subject to [the] laws of the State of Iowa'") (alteration in original); *Cohen v. Independence Blue Cross*, 820 F. Supp. 2d 594, 601, 603 (D.N.J. 2011) (describing the language of the plan—"[t]his Program is interpreted in accordance with, and is subject to the laws of the Commonwealth of Pennsylvania"—as a choice of law provision); *Smith v. Lincoln Benefit Life Co.*, 2009 WL 789900, at *7 (W.D. Pa. Mar. 23, 2009) (treating language identical to the conformity provision here as a choice of a law provision), *with Sonoco Bldgs., Inc., Div. of Sonoco Prods. Co. v. Am. Home Assurance Co.*, 877 F.2d 1350,

1352 (7th Cir. 1989) (finding a conformity provision "irrelevant in determining which state's laws to apply in this diversity action"); *Metro. Life Ins. Co. v. Dysart*, 2008 WL 5101686, at *6 n.3 (D.V.I. Dec. 1, 2008) (finding a conformity provision could not be read as a choice of law provision to determine which state's law applies).

As Plaintiff points out, the Court could conceivably construe this particular provision as both a choice of law and conformity provision, controlled by the state in which the application was signed. (Pl.'s Opp'n to Def.'s Mot. Recons. at 8, ECF No. 33.) At minimum, this provision ensures compliance and consistency with New Jersey law. But that does not guarantee that New Jersey law applies, and the Court does not endeavor to make a final decision regarding the law that will control the present case—such a decision will be reserved for a thorough choice of law analysis. Accordingly, the Court clarifies its earlier opinion, finding that Wells Fargo owns and holds a significant interest in a policy that on its face is subject to New Jersey law. (*See* Op. at 9.) This alone, however, is inadequate to justify reconsideration of the Court's holding. The provision is still relevant as to minimum contacts and purposeful availment, because it is without question that the policy was signed in and thus "'subject to the laws of' New Jersey." (Op. at 6 (quoting the language of the conformity provision from Decedent's policy).) The full meaning of "subject to" is not an essential issue presently before the Court.

B. Successor Jurisdiction

Wells Fargo also claims that the theory of successor jurisdiction is inappropriately applied here, arguing that the theory is limited to the corporate context and that it is more aptly described as an assignee, not a successor.

Wells Fargo first notes that this theory has only been applied to corporations. While the Court is well aware of the limited application of this theory, this case is a suitable parallel to

corporate cases and fits within the standard set forth by the Third Circuit. Successor jurisdiction is appropriate where there is an "express or implied assumption of liabilities, including by a ratification of the predecessor's activities." *In re Nazi Era Cases Against German Defendants Litig.*, 153 F. App'x 819, 823 (3d Cir. 2005) (describing the three circumstances in which successor jurisdiction may be found); *Am. Estates Wineries, Inc. v. Kreglinger Wine Estates Pty., Ltd.*, 2008 WL 819993, at *5 (D.N.J. Mar. 25, 2008).

Wells Fargo attempts to minimally describe its relationship as an asset or assignment. (Tr. at 36:17–25 ("Wells Fargo bought a contract. The contract is an asset, it's not a liability.").) While this policy is an asset, it involves more. Wells Fargo became "the Klugman Trust's successor owner with a 90% beneficial interest, and it assumed the benefits and liabilities (or obligations) associated with ownership," including the "obligation to pay premiums." (Op. at 8.) Beyond these liabilities and benefits, owning this policy also affords Wells Fargo the benefits and protections of a New Jersey insurance policy (Tr. at 33:21–34:7), and now, Wells Fargo endeavors to litigate on this asset.[3] Finally, the Klugman Trust's relationship to New York, being a New York trust held by a New York trustee, does not have any effect on personal jurisdiction. The Court does not base this analysis on nor purport to claim that Wells Fargo assumed any obligations related to the Klugman Trust itself, only the Klugman Trust's obligations with respect to the policy. (*Contra* Def.'s Mot. Recons. at 10.)

In this Motion, Wells Fargo heavily relies on *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773 (7th Cir. 2003), non-binding authority on this Court, for the proposition that Wells Fargo is more appropriately described as an assignee, against whom

---

[3] "On June 6, 2017, Wells Fargo and the Trustee, on behalf of the Trust, jointly filed an action against LBL in the United States District Court for the Eastern District of New York which seeks to compel payment of the Policy's death benefit (the 'New York Action')." (Def.'s Mot. Dismiss at 11, ECF No. 11-1.)

9

successor jurisdiction is inappropriate, rather than a successor. *Purdue Research Foundation* involved a contract for the purchase of certain intellectual property of a drug company. *Id.* at 776–77. Analogizing itself to the purchaser in *Purdue Research Foundation*, Wells Fargo argues that it "merely assumed a single liability" related to "a single, discrete, contract." (Def.'s Reply Letter at 2, ECF No. 35.) As the Court explored above, the case of a life insurance policy is distinguishable, and on this basis, successor jurisdiction is apt. Focusing on the discrete context of this policy—the entire basis for the relationship between Wells Fargo and the Klugman Trust—Wells Fargo became the record owner through a sequence of purchase agreements called a life settlement transaction. (Tr. at 5:10–16.) By doing so, like in a corporate context, Wells Fargo stands in the Klugman Trust's shoes as owner of decedent's life insurance policy with Plaintiff. The Court does not view Wells Fargo and the Trust as interrelated corporate entities, nor consider whether one merged into or acquired the other—clearly Wells Fargo and the Trust did not merge, nor did Wells Fargo acquire the Trust. Wells Fargo purchased substantially all of the Trust's assets by taking a 90% interest in the policy. *Cf. Purdue Research Found.*, 338 F.3d at 785 ("[Defendant] did not merge with Sterling, nor did it purchase all (or substantially all) of Sterling's assets."). Furthermore, as the Court in *Purdue Research Foundation* emphasized and encouraged, the Court here has individually assessed Wells Fargo's contacts to find jurisdiction, and did not rely solely on the Klugman Trust's prior minimum contacts. *See supra* Section I.A. Based on these observations, successor jurisdiction is appropriately applied to Wells Fargo.

## II. Appealability of this Court's Order and Opinion as to Personal Jurisdiction

In the alternative to reconsideration, Wells Fargo contends that this issue presents a case ripe for interlocutory appeal under 28 U.S.C. § 1292(b). Wells Fargo argues that the discussion of both the conformity with state law provision as a basis for personal jurisdiction and the theory

of successor jurisdiction are "controlling question[s] of law for which there [are] substantial difference[s] of opinion." (Def.'s Mot. Recons. at 18.) Wells Fargo also advises that immediate interlocutory appeal will materially advance the litigation. (*Id.*)

First, The Third Circuit has defined a "controlling question of law" as encompassing "every order which, if erroneous, would be reversible error on final appeal." *Katz*, 496 F.2d at 755. Defendants argue that whether successor jurisdiction is applicable and whether the conformity or choice of law provision justifies personal jurisdiction are two controlling questions of law. (Def.'s Mot. Recons. at 18.) While the Court relied on the successor relationship between the Trust and Wells Fargo and the conformity provision in the policy to find minimum contacts for jurisdiction, the Court employed a holistic approach considering a number of factors. Neither one of these questions alone informed the Court's finding of personal jurisdiction in New Jersey. Therefore, a contradictory resolution of one or both of these questions would not necessarily result in reversible error.

Second, there is no "genuine doubt as to the correct legal standard" presented in this case. *In re Dwek*, 2011 WL 487582, at *4 (D.N.J. Feb. 4, 2011) (quotation and citation omitted). The governing legal standard regarding personal jurisdiction and the minimum contacts required to exercise jurisdiction over a defendant is well-established through Supreme Court and Third Circuit precedent, *accord Burger King*, 471 U.S. at 475; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980); *Remick v. Manfredy*, 238 F.3 248, 255 (3d Cir. 2001). *See Fiscus v. Combus Fin. AG*, 2006 WL 2845736, at *2–3 (D.N.J. Sept. 28, 2006) (considering a motion to certify appeal and noting that the legal standard related to personal jurisdiction is "not novel or unique"). The standard related to successor jurisdiction is also well established, and while Wells Fargo disagrees with the outcome here, there is no evidence of "contradictory

11

opinions." *N.J. Reg'l Council of Carpenters v. D.R. Horton, Inc.*, 2011 WL 1233304, at *2 (D.N.J. Mar. 31, 2011). And finally, the standard on choice of law provisions is similarly specific. Although district courts within this Circuit raise some dispute as to whether the conformity provision is also a choice of law provision, this is not dispositive to the present motion.

Most importantly, this appeal will not eliminate either the need for trial or complex issues that would complicate a trial. *N.J. Reg'l Council of Carpenters*, 2011 WL 1233304, at *2 (citing *In re Dwek*, 2011 WL 487582, at *4). It is true that failure to resolve personal jurisdiction could lead to a costly and burdensome discovery process in this District, another relevant factor in whether the appeal materially advances the ultimate termination of the case. *Id.* It is also clear, however, that Wells Fargo intends to advance this same litigation in E.D.N.Y. (Def.'s Mot. Dismiss at 11), so such discovery will still occur even if the Court's opinion is reversed.

## CONCLUSION

For the reasons above, Defendant Wells Fargo's Motion for Reconsideration is denied. A corresponding order will follow.

Date: 12-20-17

ANNE E. THOMPSON, U.S.D.J.

12